UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMIEN C. MADDOX, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2435** |
| **MARLIN N. GUSMAN, ET AL.** | **SECTION "J"(1)** |

## REPORT AND RECOMMENDATION

Plaintiffs, Damien C. Maddox and Ramon Thompson,[1] filed this civil action pursuant to 42 U.S.C. § 1983 against Sheriff Marlin N. Gusman, Warden Bonita J. Pittman, and Sergeant Weaver. In this lawsuit, plaintiffs challenged the conditions of their confinement within the Orleans Parish Prison system.[2] Maddox additionally amended the complaint to add a claim challenging the adequacy of the jail's law library and legal support services.[3]

To better understand the factual bases of plaintiffs' claims, the Court held Spears hearings in this matter.[4] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The

---

[1] Gary Dwayne Fincher was also listed on the complaint as a plaintiff; however, he neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*. For that reason, Fincher is not considered to be a plaintiff in this matter.

[2] Rec. Doc. 6. At the time this lawsuit was filed, both plaintiffs were pretrial detainees incarcerated within the Orleans Parish Prison system. However, Maddox was subsequently convicted in state criminal proceedings and transferred to the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.

[3] Rec. Docs. 8 and 13. Thompson did not join in that amendment, and he has not alleged that he was denied access to the courts due to such inadequacies.

[4] Spears hearings were held with Thompson on January 22, 2015, and with Maddox on February 26, 2015.

United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[5] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[5] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiffs' complaint[6] and fully considering their Spears hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

---

[6] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

II. Plaintiffs' Claims

In their complaint, plaintiffs alleged that they were exposed to rust, mildew, and gnats at the jail and were not provided with products for cleaning the showers and toilets or for the extermination of the pests.[7] Although not included within the original complaint, the plaintiffs additionally mentioned other concerns at the Spears hearings. Notably, both plaintiffs complained of plumbing problems at the jail. Thompson also testified that the jail was "overcrowded," the inmates lacked a proper water cooler, and there was a shortage of blankets, which he was able to remedy only by obtaining a blanket from a fellow inmate who was being released.[8] The Court notes that the plaintiffs' testimony at the Spears hearings was also inconsistent in some respects. For example, Maddox testified that inmates were provided with cleaning products on only three or fewer occasions over a fifteen-month period, while Thompson testified that cleaning products were provided approximately twice per week.

Lastly, the Court notes that Maddox amended the complaint to allege that the prison's law library and legal support services were inadequate for inmates representing themselves in their criminal proceedings.[9] At the Spears hearing, he explained that although he had counsel appointed

---

[7] Rec. Doc. 6-1, p. 7.

[8] At the Spears hearing, Thompson also mentioned various problems concerning the medical care he received at the jail. However, the complaint included no claim concerning inadequate medical care, and, in any event, no proper defendants have been named with respect to a medical claim. "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, Thompson makes no allegations that any of the named defendants were personally involved in his medical care (or lack thereof). Although the named defendants are supervisory officials within the prison system, they cannot be held vicariously liable on that basis for the actions of their subordinates pursuant to 42 U.S.C. § 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[9] See Rec. Docs. 8 and 13.

to represent him in his criminal proceedings, he ultimately decided to waive counsel and represent himself.

### A. Conditions of Confinement Claims

It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). Nevertheless, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences. Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing Center, 299 Fed. App'x 369, 371 (5th Cir. 2008). For the following reasons, it is apparent that plaintiffs' complaints regarding the conditions of their confinement concern nothing more than *de minimis* inconveniences which do not constitute "punishment" or otherwise rise to the level of constitutional violations.

Obviously, there is a point beyond which a prison's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). That said, it must be remembered that, although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib

v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

Accordingly, the presence of rust and mildew in a jail does not rise to the level of a constitutional violation or otherwise warrant relief in a federal civil rights action. See, e.g., Simmons v. Gusman, Civ. Action No. 14-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015); Penn v. Jones, Civ. Action No. 13-0830, 2014 WL 31351, at *2 (W.D. La. Jan. 2, 2014); Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *6 (E.D. La. Nov. 12, 2013); Jones v. Catahoula Parish, No. 11-CV-861, 2012 WL 704105, at *5-6 (W.D. La. Jan. 18, 2012), adopted, 2012 WL 696268 (W.D. La. Feb. 29, 2012); Sneeze v. Terrebonne Parish Sheriff's Office, Civ. Action No. 11-987, 2011 WL 2413464, at *3 (E.D. La. May 9, 2011), adopted, 2011 WL 2311867 (E.D. La. June 10, 2011); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008).

Likewise, the mere presence of pests, such as gnats, does not amount to a constitutional violation. See, e.g., Simmons, 2015 WL 151113, at *4; Clark v. Gusman, Civ. Action No. 11-2673, 2012 WL 1825306, at *5 (E.D. La. Mar. 29, 2012), adopted, 2012 WL 1825302 (E.D. La. May 18, 2012); Murray v. Edwards County Sheriff's Department, 453 F. Supp. 2d 1280, 1292 (D. Kan. 2006), aff'd, 248 Fed. App'x 993 (10th Cir. 2007); Smith v. Barber, 316 F. Supp. 2d 992, 1028-29 (D. Kan. 2004).

The same is true of plumbing problems, because the Constitution simply does not protect inmates from those types of "life's occasional inconveniences." Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982); Scott v. Gusman, Civ. Action No. 10-2706, 2011 WL 666851, at *7 (E.D. La.

Feb. 14, 2011); Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *5 (E.D. La. May 11, 2010). As a result, nuisances such as "[l]eaky toilets and puddles are unpleasant but not unconstitutional." Smith v. Melvin, No. 95-2531, 1996 WL 467658, at *2 (7th Cir. July 26, 1996); accord Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010); Wilkerson v. Champagne, Civ. Action No. 031754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003).

With respect to Thompson's allegation at the Spears hearing that the jail is "overcrowded," there is no contention that the overcrowding is imposed as a form of punishment. "[I]t has been repeatedly held that, absent some indication of punitive intent, the mere overcrowding of a jail does not violate the Fourteenth Amendment." Chavera v. Allison, No. 1:08cv256, 2009 WL 1011157, at *5 (S.D. Miss. Apr. 15, 2009). Further, in any event, conclusory allegations of overcrowding are insufficient to establish a constitutional violation. See, e.g., Skinner v. D'Cunha, 544 Fed. App'x 345, 346 (5th Cir. 2013), cert. denied, 134 S. Ct. 524 (2013); Robertson v. LeBlanc, Civ. Action No. 13-171, 2014 WL 688979, at *5 (M.D. La. Feb. 20, 2014); Davis, 2010 WL 890980, at *6; Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *4 (E.D. La. Oct. 1, 2009).

With respect to Thompson's complaint that inmates lack a proper water cooler, that allegation, even if true, also does not rise to the level of a constitutional violation. Obviously, potable water is a basic human need and must be provided to inmates. See, e.g., Planker v. Christie, Civ. Action No. 13-4464, 2015 WL 268847, at *26 (D.N.J. Jan. 21, 2015). However, there is no requirement that they be provided with water coolers or chilled drinking water. See, e.g., Young v. Gusman, Civ. Action No. 12-2877, 2013 WL 4648478, at *13 (E.D. La. Aug. 29, 2013) (dismissing as frivolous a claim that "the water available to drink comes straight from the faucet and

is not cold enough," noting that inmates need not be "provided with particular consumables at a certain temperature or tastiness"); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *2 (E.D. La. Nov. 28, 2003) ("To the extent that plaintiff is asserting that he is entitled to cold drinking water, he is incorrect.  The failure to provide cold water for drinking does not amount to a constitutional violation.").

Lastly, as to Thompson's allegation that there was a shortage of blankets at the jail, that claim also fails.  As an initial matter, the Court notes that plaintiff does not allege that he needed a blanket due to extremely cold temperatures or that he was otherwise deprived of means to stay warm.  Further, there is no allegation that he was denied a blanket as a form of punishment, and, as he noted, he was able to obtain a blanket from an inmate being released.  It is clear that a temporary, non-punitive denial of a blanket is not sufficiently egregious to violate the Constitution.  Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); McAllister v. Strain, Civ. Action No. 08-5174, 2009 WL 500560, at *2-3 (E.D. La. Feb. 25, 2009).

For all of these reasons, plaintiffs' claims challenging the conditions of their confinement within the Orleans Parish Prison system should be dismissed.

## B.  Law Library and Legal Support Services

As noted, Maddox also challenged the adequacy of the Orleans Parish Prison's law library and legal support services for inmates representing themselves.  It is clear that inmates have a constitutional right of meaningful access to the courts which "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds v. Smith, 430 U.S. 817, 828 (1977).  The right extends to pretrial detainees.  See United States v. Moya-

Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Wetzel v. Strain, Civ. Action No. 09-7048, 2010 WL 744993, at *3 (E.D. La. Feb. 26, 2010); Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006).  However, pretrial detainees are often in a different situation, in that they normally have appointed counsel representing them with respect to their pending criminal charges.  The appointment of such counsel satisfies the detainee's right of access to courts for his criminal proceedings; in those circumstances, he is not additionally entitled to independent access to a law library and legal support.  See, e.g., Caraballo v. Federal Bureau of Prisons, 124 Fed. App'x 284, 285 (5th Cir. 2005); Gordon v. Police Jury of Jefferson Davis Parish, No. 01-30146, 2001 WL 1468183, at *1 (5th Cir. Oct. 26, 2001); Wetzel, 2010 WL 744993, at *3; Kirkpatrick, 2006 WL 2401108, at *4.

Here, Maddox acknowledged at the Spears hearing that he had been appointed counsel in his state criminal proceedings but subsequently decided to represent himself.  That appointment of counsel, however, is fatal to his claim.  The initial appointment of counsel sufficed to protect his right of access to the courts, and his subsequent voluntary choice to *waive* appointed counsel did not change that fact.  Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) ("[H]aving rejected the assistance of court appointed counsel, [an inmate has] no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial."); Wetzel, 2010 WL 744993, at *3. Accordingly, Maddox's access to courts claim should be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiffs' complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this twenty-seventh day of February, 2015.

                                                                       **SALLY SHUSHAN**
                                                                       **UNITED STATES MAGISTRATE JUDGE**

---

[10]    <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.